1996 SD 125

**FIRST DAKOTA TITLE, LIMITED PARTNERSHIP, A South Dakota Limited Partnership, Plaintiff and Appellee,**

v.

**CODINGTON COUNTY, South Dakota, and Kay Schirnbeck, Register of Deeds for Codington County, Defendants and Appellants.**

No. 19475.

Supreme Court of South Dakota.

Considered on Briefs Sept. 12, 1996.

Decided Oct. 23, 1996.

Thomas K. Wilka of Hagen, Wilka & Archer, P.C., Sioux Falls, for plaintiff and appellee.

Thomas F. Burns, Codington County Deputy States Attorney, Watertown, for defendants and appellants.

SABERS, Justice.

[¶ 1] County attempted to charge a new abstracter the statutory per-page rate for its records rather than actual copying costs. The trial court agreed with First Dakota, the new abstracter, and County appealed. We affirm.

**FACTS**

[¶ 2] First Dakota is an abstracter certified to conduct the business of abstracting in Lincoln and Minnehaha Counties. Interested in expanding its abstracting business into the Watertown area, First Dakota approached the Codington County Commission. First Dakota and County made preliminary arrangements for it to lease space within the courthouse to use its own equipment and labor in reproducing the records of the register of deeds at no cost to County. At the August 29, 1995 County Commission meeting, County agreed to have the state's attorney draft a formal document reflecting the agreement with First Dakota.

[¶ 3] First Dakota never received that document and inquired into the delay. First Dakota attended the County Commission's September 18, 1995 meeting after learning that Watertown Title and Escrow, an existing abstracter and future competitor, was on the agenda for that meeting. The attorney for Watertown Title and Escrow suggested to the Commission that First Dakota would have to pay $1.00 per document, the rate specified at SDCL 7–9–15(2). County apparently never made any decision regarding what, if anything, First Dakota should be charged for obtaining the records of the register of deeds. It sought a Writ of Mandamus to order County to allow it to reproduce the records at the rate set forth at SDCL 7–9–15(5). Following a December 20, 1995 hearing the circuit court issued a Peremptory Writ of Mandamus. County appeals.

**ISSUE**

**What statutory provision governs the fee an abstracter is charged for reproducing**

**records when it enters a county to establish an abstracting business?**

[¶ 4] "The construction of a statute is a question of law." *State v. Harris*, 494 N.W.2d 619, 622 (S.D.1993) (quoting *Vellinga v. Vellinga*, 442 N.W.2d 472, 473 (S.D.1989)). Conclusions of law are reviewed de novo. *Id.* (citing *Rusch v. Kauker*, 479 N.W.2d 496, 499 (S.D.1991)).

[¶ 5] Before a person or business entity begins abstracting titles to property in South Dakota, an abstract "plant" must be obtained. The abstract plant consists of the following:

> [A] set of abstract books or set of indexes or other records showing in a sufficiently comprehensive form, all instruments affecting the title to real estate which are of record or on file in the office of the register of deeds of each county wherein said person seeks to engage in compiling abstracts of land titles[.]

SDCL 36–13–10. Before an applicant can obtain a certificate of registration, the plant must be examined by the abstracters' board of examiners. SDCL 36–13–11.

[¶ 6] SDCL 7–9–15 sets a schedule for fees to be charged by a county register of deeds. County claims that subdivision (2) of that statute should be invoked to determine the abstract plant fee for an abstracter not previously certified in that county. It provides, in relevant part, that the register of deeds may charge: "[F]or an uncertified copy, one dollar, plus twenty cents for each page after five pages." First Dakota, on the other hand, claims that the question is controlled by subdivision (5), which provides:

> Notwithstanding the provisions of subdivision (2) of this section, the board of county commissioners shall fix by resolution the fees to be paid by licensed abstractors [sic] of the county for uncertified copies of recorded instruments, which fee may not exceed the actual cost to the county for providing such copies.*

[¶ 7] County claims that "of the county" is the pivotal phrase in this case, and that a proper reading dictates First Dakota must be certified and bonded to do business in Codington County before qualifying as an abstracter "of the county." Certification cannot occur until the plant is examined. SDCL 36–13–11. Bonding prior to certification and certification before examination would, in the words of the trial court, "put the cart before the horse."

[¶ 8] The trial court properly construed the statute when it found no requirement that First Dakota receive a certificate specifying Codington County before it could avail itself of the cost of reproducing records as provided in SDCL 7–9–15(5). Because the acquisition of an abstract plant entails the copying of reams of documents, any other result would make it financially impracticable, if not impossible, to commence the business of abstracting. This clearly would contravene the intent of the Legislature as gleaned from the statutory scheme governing abstracters.

> We look to the rules of statutory construction for guidance as to a statute's interpretation. Each statute must be construed according to its manifest intent as derived from the statute as a whole, as well as other enactments relating to the same subject. Words used by the legislature are presumed to convey their ordinary, popular meaning, unless the context or the legislature's apparent intention justifies departure.

*Harris*, 494 N.W.2d at 622 (citation and internal quotation omitted).

[¶ 9] The Legislature obviously intended to exempt local abstracters from the fees delineated in SDCL 7–9–15(2) when it included the special provision naming abstracters in subdivision (5). The fee schedule is appropriate for those who require copies of recorded instruments, but not for an abstracter in these circumstances; recognition of this reality is reflected in SDCL 7–9–15(5). It should also be noted that if a county ever looks to an

---

* This subdivision was amended in 1996 by the insertion of "or by any person who has passed the written examination established by the Abstracters' Board of Examiners pursuant to § 36– 13–11" following "of the county." The amendment also corrected the spelling of "abstracter." The amendment is immaterial to this case because it was not effective until July 1, 1996.

abstracter for records which have been somehow lost to the register of deeds, the abstracter must provide them, and is limited to charging the actual cost of copying them. SDCL 36–13–27. Finally, had the Legislature intended "licensed abstracter of the county" to mean "registered, certified, and bonded abstracter of the county," it would have drafted SDCL 7–9–15(5) accordingly.

[¶ 10] Affirmed.

[¶ 11] MILLER, C.J., and AMUNDSON, KONENKAMP and GILBERTSON, JJ., concur.